UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------)
UNITED STATES                            )
                                         )
    v.                                   )   Criminal No. 2004-M-0496-RBC
                                         )
JARBIR JAVIER VELASQUEZ,                 )
    Defendant.                           )
-----------------------------------------)
```

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Defendant Jarbir Javier Velasquez hereby submits this Supplemental Sentencing Memorandum to aid the Court in sentencing.

As discussed in the parties' Joint Sentencing Memorandum, Mr. Velasquez pled guilty to a one-count Information charging him with entry into the United States without proper documentation in violation of 8 U.S.C. § 1325 (a)(1), a Class B misdemeanor. Pursuant to a plea agreement, the parties agreed to recommend the statutory maximum sentence of six months imprisonment. The Court may, of course, in its discretion, impose a lesser sentence. In addition to the factors set forth in the Joint Sentencing Memorandum, the Court may also consider the following factor: that the existence of an Immigration and Customs Enforcement ("ICE") detainer will likely mean that Mr. Velasquez will spend additional time in custody apart from any time served in connection with the instant offense.

## MR. VELASQUEZ HAS ALREADY BEEN IN CUSTODY FOR FOUR AND ONE-HALF MONTHS AND LIKELY FACES FURTHER TIME IN CUSTODY AS HE AWAITS DEPORTATION PROCEEDINGS.

Mr. Velasquez has already been in custody for over four and a half months, since his initial arrest on August 21, 2004 on a charge that the government has agreed to dismiss upon

sentencing on the instant Information. He sought, but was denied, release pending the resolution of these proceedings.

Mr. Velasquez has learned that he has an ICE detainer filed against him and that, as a result, he will be taken into ICE custody immediately following the completion of the sentence imposed by the Court for the present offense. Once in ICE custody, ICE will likely begin deportation proceedings. The ICE deportation office has informed Mr. Velasquez' counsel that there is currently no procedural framework for beginning deportation proceedings before Mr. Velasquez is in ICE custody. Moreover, the deportation process – even if Mr. Velasquez voluntarily agrees to be deported back to Honduras – can take two to three months, all while Mr. Velasquez would still be detained in ICE custody. This result, in effect, would add an additional two to three months of jail time to whatever jail sentence the Court might impose on Mr. Velasquez for the misdemeanor in this case.

Mr. Velasquez understands that he has entered into a plea agreement with the U.S. Attorney and that the agreement recommends the maximum permissible sentence -- six months imprisonment. In light of that agreement, Mr. Velasquez is not able to ask the Court to alter that recommended sentence downward. However, in considering the appropriate sentence to impose in this case, the Court may consider the fact that even if the Court were to sentence Mr. Velasquez to time served (over four and one-half months), he will likely spend more than six months in custody as a result of this offense due to the extra two to three months he will likely spend in ICE custody.

## CONCLUSION

In this case, the Court has the discretion to order a sentence below six months. In addition to the factors stated and explained in the Joint Sentencing Memorandum, the Court may

also consider the fact that Mr. Velasquez, as a result of an ICE detainer, is likely to spend several additional months in custody for this offense apart from any sentence the Court imposes.

> Respectfully submitted,
>
> JARBIR JAVIER VELASQUEZ,
>
> by his attorneys,
>
> _/s/ signature_
> Diana K. Lloyd (BBO # 560586)
> Marc J. Scheiner (BBO # 657767)
> Choate, Hall & Stewart
> 53 State Street
> Boston, MA 02109
> (617) 248-5000

Dated: January 7, 2005

### CERTIFICATE OF SERVICE

I, Marc J. Scheiner, certify that on January 7, 2005, I caused a copy of the foregoing DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM to be served by hand upon the following counsel of record.

AUSA Timothy Feeley
U.S. Attorney's Office
United States Courthouse
1 Courthouse Way
Boston, MA 02210

_/s/ signature_
Marc J. Scheiner, Esq.

3

3786296v1